2/15/18
Drop off

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, Plaintiff-Judgment Creditor, ) | |
| ) | Case No. 1:16-cv-8092 |
| v. ) | |
| ) | Magistrate Judge Sheila M. Finnegan |
| PACTRANS AIR & SEA, INC., Defendant-Judgment Debtor. ) | (By Consent) |

## CITATION NOTICE

**Citation To:** American Metro Bank ("Respondent")
**Judgment Debtor:** PacTrans Air & Sea, Inc., 951 Thorndale Ave., Bensenville, IL 60106 (FEIN 36-3790193)
**Judgment Creditor:** Union Pacific Railroad Company
**Attorney for Judgment Creditor:** Scott A. Schaefers, Brotschul Potts LLC, 30 N. LaSalle St., Ste. 1402, Chicago, IL 60602
**Address of Court:** United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604.
**Amount of Judgment:** $5,834,633.21    **Judgment Balance Due:** $5,840,050.65
**Hearing Date and Location:** March 2, 2018, 10:30 a.m., U.S. Courthouse, Rm. 2214, 219 S. Dearborn St., Chicago, IL 60604

NOTICE: The Court has issued a citation to the Respondent named above. The citation directs the Respondent to appear in court for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued based on a judgment against the Judgment Debtor in favor of the Judgment Creditor in the amount stated above. On or after the court date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTION AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

1. Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; veteran's benefits; public assistance benefits; unemployment benefits; compensation benefits; workers compensation benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

2. Under Illinois law, every person is entitled to an estate in homestead, when owned and occupied as a residence to the extent in value of $15,000, which homestead is exempt from judgment.

3. Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (1) 15% of the gross amount paid for that week, or (2) the amount by which disposable earnings for a week exceed 45 times the Federal Minimum Hourly Wage prescribed by Section 206(a)(1) of Title 29 of the United States Code, as amended, or, under a wage deduction summons served on or after January 1, 2006, the minimum hourly wage prescribed by Section 4 of the Minimum Wage Law, whichever is greater, in effect at the time the amounts are payable.

4. Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (1) 25% of disposable earnings for a week or (2) the amount by which disposable earnings for a week exceed 30 times the Federal Minimum Hourly Wage.

5. Pension and retirement benefits may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law. 735 ILCS 5/12-1001.
THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the Clerk in writing at 219 S. Dearborn St., 20th Floor, Chicago, IL 60604. When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location for the hearing. This notice may be sent by regular first-class mail.

**Attorney for Judgment Creditor**
  Scott A. Schaefers
  BROTSCHUL POTTS LLC
  30 N. LaSalle St., Ste. 1402
  Chicago, IL 60602                   _____
  Phone: (312) 268-6795               Signature of Attorney for Judgment Creditor
  Email: sschaefers@brotschulpotts.com      Date: February 16, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, Plaintiff-Judgment Creditor, ) | |
| ) | Case No. 1:16-cv-8092 |
| v. ) | |
| ) | Magistrate Judge Sheila M. Finnegan |
| PACTRANS AIR & SEA, INC., Defendant-Judgment Debtor. ) | (By Consent) |

## CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To: American Metro Bank ("Respondent")

**YOU ARE COMMANDED** to appear on March 2, 2018 at 10:30 a.m. before Magistrate Judge Sheila M. Finnegan, Courtroom 2214, United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604 to be examined under oath concerning the property or income or indebtedness due PacTrans Air & Sea, Inc. ("Judgment Debtor").

**YOU ARE COMMANDED** to (a) complete and submit to Judgment Creditor's attorney, on or before March 2, 2018, the answer form attached hereto, and (b) produce at the examination (bring with you) all documents of which you have possession, custody, or control which may contain information concerning the property of Judgment Debtor, including but not limited to those documents described in Rider B attached hereto.

A judgment in favor of Union Pacific Railroad Company and against PacTrans Air & Sea, Inc. (FEIN 36-3790193, the "Judgment Debtor") was entered on February 1, 2018 in the United States District Court for the Northern District of Illinois, Case No. 16-cv-8092, in the amount of $5,834,633.21. The total amount outstanding as of February 16, 2018 is $5,840,050.65, to which further interest and costs may be added.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to Judgment Debtor or to which Judgment Debtor may be entitled or which may thereafter be acquired by or become due to Judgment Debtor, and from paying over or otherwise disposing of any funds not so exempt, which are due or to become due to Judgment Debtor, until further order of Court or termination of the proceeding, whichever occurs first. You are not required to withhold the payment of any funds beyond double the amount of the Judgment.

**WARNING: YOUR FAILURE TO COMPLY WITH THE CITATION PROCEEDING MAY RESULT IN A JUDGMENT BEING ENTERED AGAINST YOU FOR THE UNSATISFIED AMOUNT OF THE JUDGMENT.** 735 ILCS 5/2-1402(f)(1); FED. R. CIV. P. 69.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.**

## CERTIFICATE OF ATTORNEY

Amount of Judgment: $5,834,633.21   Balance Due: $5,840,050.65
Date of Judgment: February 1, 2018   Court and No.: U.S. District Court, Northern District of Illinois, Case No. 16-cv-8092

The undersigned, pursuant to 28 U.S.C. § 1746(2) and subject to penalty of perjury, certifies that the information set forth above is true and correct to the best of his information and belief.

_____
Scott A. Schaefers
BROTSCHUL POTTS LLC
Attorney for Judgment Creditor
30 N. LaSalle St., Ste. 1402
Chicago, IL 60602
Phone: (312) 268-6795
Email: sschaefers@brotschulpotts.com

WITNESS: **THOMAS G. BRUTON**
Clerk of Court

By: _____
Deputy Clerk

Date: FEB 16 2018

## THIRD PARTY RESPONDENT ANSWER TO CITATION TO DISCOVER ASSETS

Case Name: Union Pacific Railroad Company  
v. PacTrans Air & Sea, Inc.

Court and No.: U.S. Dist. Ct. N.D. Illinois  
Case No. 16-cv-8092

Judgment Debtor: PacTrans Air & Sea, Inc.

Answer Deadline: March 2, 2018, 10:30 a.m.

American Metro Bank ("Respondent"), certifies under penalty of perjury that with regard to the property of the Judgment Debtor PacTrans Air & Sea, Inc. (FEIN 36-3790193), Respondent files the following answer to this Citation to Discover Assets and is in possession of the following property of the Judgment Debtor:

Select one or more of the following and indicate the amount withheld:

A. Savings Account $_____  
B. Checking and/or Now Account $_____  
C. Certificate of Deposit $_____  
D. Money Market Account $_____  
E. Trust Account $_____  
F. Safety Deposit Box $_____  
G. Wages, Salary or Commission $_____  
H. No Accounts (check here) ✓  
I. Other Personal Property (describe)

_____ $_____

Less right of offset for other loans $_____

Less deduction for fees limited by  
205 ILCS 5/48.1 $_____

TOTAL AMOUNT WITHHELD: $_____

J. Adverse Claimant   Name_____

Address_____

According to the business records kept by Respondent, we show the above information to be correct.

Name: Mayzee Kong  
Business name: American Metro Bank  
Address: 4878 N Broadway St  
City/State/Zip: Chicago IL 60640  
Telephone No.: 773-769-6868

Signature: /s/ Mayzee K.  
Date: 2/16/18

## RIDER B

PLEASE REVIEW THIS LIST CAREFULLY AND GATHER AND PRODUCE ALL DOCUMENTS ON THE LIST. YOUR FAILURE TO DO SO MAY RESULT IN AN ORDER FOR CONTEMPT OF COURT.

Any and all documents, whether electronically stored, on paper, or in which any information is recorded or memorialized, pertaining to, relating to and/or referring to any and all real property, personal property, tangible property, and intangible property, in part or in whole, belonging to, maintained by, and/or controlled by **PacTrans Air & Sea, Inc.** (FEIN 36-3790193, "Judgment Debtor"), whether individually, jointly, severally, beneficially, contingently or expectantly, and any other documents in your possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor. These documents include, but are not limited to or by, the following documents, and any and all documents pertaining to, referring to, relating to, evidencing and/or supporting the following:

1. All signature cards, agreements, and other documents related to the opening of any accounts in Judgment Debtor's name or for its benefit since January 1, 2011.

2. All statements for any accounts in Judgment Debtor's name or for its benefit since January 1, 2011.

3. Copies of all payments made to Judgment Debtor or for its benefit since January 1, 2011, including all checks (front and back), ACH transfer records, wire transfer records, deposit slips, and all other such records.

4. Copies of all payments made by Judgment Debtor or for its benefit since January 1, 2011, including all checks (front and back), ACH transfer records, wire transfer records, deposit slips, and all other such records.

5. All account, loan or credit applications in which Judgment Debtor is listed, and all documents attached or referenced in any such application.

6. All loan documents to which Judgment Debtor is a party, including all lines of credit, notes, agreements, mortgages, assignments, allonges, resolutions, statements, disclosures and other related documents.

7. Records regarding any safety deposit boxes held in Judgment Debtor's name or for its benefit.

8. Records regarding any personal property held in Judgment Debtor's name or for its benefit.

9. Records regarding any trusts in Judgment Debtor's name or for its benefit.

10. Records regarding any other personal property held in Judgment Debtor's name or for its benefit.

11. All signature cards, agreements, and other documents related to the opening of any accounts in the name of Pons Group LLC n/k/a Pon Group, LLC ("Group") or for its benefit since January 1, 2011.

12. All statements for any accounts in Group's name or for its benefit since January 1, 2011.

13. Copies of all payments made to Group or for its benefit since January 1, 2011, including all checks (front and back), ACH transfer records, wire transfer records, deposit slips, and all other such records.

14. Copies of all payments made by Group or for its benefit since January 1, 2011, including all checks (front and back), ACH transfer records, wire transfer records, deposit slips, and all other such records.

15. All account, loan or credit applications in which Group is listed, and all documents attached or referenced in any such application.

16. All loan documents to which Group is a party, including all lines of credit, notes, agreements, mortgages, assignments, allonges, resolutions, statements, disclosures and other related documents.

17. Records regarding any safety deposit boxes held in Group's name or for its benefit.

18. Records regarding any personal property held in Group's name or for its benefit.

19. Records regarding any trusts in Group's name or for its benefit.

20. Records regarding any other personal property held in Group's name or for its benefit.